Chief Justice Robertson
delivered the Opinion of the Court.
The only question deemed essential in this case, is, whether assumpsit for use and occupation, can be maintained by a vendor against his vendee of land, to recover the value of the vendee’s use of the land, between the date of the contract of sale, and a virtual rescission of that contract, by a judgment for damages against the vendor, for failing to convey the legal title.
Assumpsit for use and occupation may be maintained, on common law principles, even when there is only an implied contract to pay. Logan vs Lewis, 7 J. J. Mar. 3.
But the law will not imply a contract to pay rent when the occupant held as a vendee ; because he held the land as his own ; and therefore the relation of landlord and tenant, so far as rent may be involved, cannot be inferred; and, consequently, although the contrary doctrine was laid down in the modern case of Hall vs. Vaughan in England, it is well settled, in this country, and in England too, as we confidently believe, that, as between vendor and vendee, assumpsit for use and occupation cannot be maintained on an implied contract, because, in such a case, an undertaking to pay rent will not he implied. Smith vs. Stewart, 6 Johnson, 46. Bancroft vs Wardwell, 13 Ib. 489. Vanderheauvel vs. Storrs, 3 Con. Repts. 203. Little vs. Pearson, 7 Pick. 301. Wheaton’s Selwyn, 549.
Wherefore, as the consequence of this opinion is an affirmance of the judgment of the circuit court, that judgment must be affirmed, without regarding other points presented by the assignment of errors.