JUDGE RURNAM
delivered the opinion of the court. .
Appellant in March, 1894, sold to J. E. Sullivan a tract of land in Marion county, in consideration of eight promissory notes, each for the sum of $450 — the first one due and payable on or before January 1, 1895, and the others on the 1st day of each succeeding January thereafter until all should be paid; and, to secure the payment of the first note, Sullivan executed a mortgage on a lot of personal property, consisting of live stock, and including a note for $110, which had no connection with the purchase of the land. One of the stipulations of the contract was that, if default should be made in the payment of any instalment of the purchase money, then, for the purpose of enforcing the lien on the land, all should be treated as due and payable; and, as an additional security for the payment of each instalment, it was agreed that appellant should have a lien, “as for rent,” on all the crops, of every kind to be grown on the place each year, until all the purchase money should be paid, and that “each instalment should be treated and considered as rent reserved;” Sullivan waiving all claim to exemption, as to any portion of the produce of the farm, until each instalment should be satisfied. The contract provided that, when all the purchase money should be paid, appellant was to make to appellee a good and sufficient deed, with clause of general warranty as to title; but until such time appellant reserved his lien on the land and the produce thereof, as set out in the contract. Sullivan failed to pay the note due January 1, 1895; and *85 in April, 1895, appellee, Christie, by agreement- with appellant and Sullivan, paid to appellant $200 upon the, obligation for $560, and took an assignment and transfer of that much of the note due January 1, 1895,. and also of ’ the mortgage to stand as surety to him from Sullivan for ;■ the payment of the money so advanced. Subsequently, . on June 19, 1895, Sullivan executed to Christie a mortgage to secure the payment of $345.75, of which the $200 ■ paid to appellant constituted a part, “on all; the crops of ' every kind then growing on the farm occupied by Sulllivan, and also on the crop of corn growing upon a piece of land rented from one Glasscock by Sullivan.” On January 11, 1896, appellant instituted this suit against Sullivan, and sued out an attachment for-rent, under the provisions of section 2302, Ky, Stat., which was levied on the mortgaged property, and on the corn raised in 1895 on the farm sold by appellant to Sullivan, and also on the corn raised on the Glasscock land, but which had been removed by Sullivan to the land purchased by him from appellant.' Sullivan made no defense to this action; but Christie, on his petition, was, made-a. party, and set up the assignment and transfer by appellant to him of ' enough of the mortgage to secure the payment of the $200 advanced: by him, and also the subsequent mortgage executed by Sullivan to him in 1895. On- the trial the court rendered judgment dismissing the attachment of appellant, rj,nd awarding to Christie the proceeds of all . the property levied on, with judgment against, appellant for costs ^ and from that judgment this appeal, is prosecuted. /
Appellant insists that, as his attachment was regu- ■ larly sued out and levied, he had a valid, attachment lien ■ against! the property levied on, he.ca.use of the. statutory *86 lien given to landlords, after satisfying Christie’s lien for the $200 . assigned, and that under the contract he held a lien, as landlord, that could not be defeated by any mortgage executed by Sullivan to any one having actual or constructive notice of the terms of their agreement. It is well settled that an action for rent can not be maintained where the relation of landlord and tenant has not subsisted, and the law will not imply a contract to pay rent where the occupant held as a vendee, because the land is held as his own, and therefore the relation of landlord and tenant, so far as rent may be involved, can, not be inferred. A vendor ordinarily occupies no more favorable attitude, so far as concerns the property and property rights and remedies of the vendee, than any other creditor, except to the extent of the lien on the land sold by. him. See Jones v. Tipton, 2 Dana, 295; Rogers v. Wiggs, 12 B. Mon. 505; and Richmond & Lexington Turnpike Co. v. Rogers, 7 Bush, 532. Appellant did not convey the legal title to the land, but the effect \f the executory contract was to vest in Sullivan the\equitable title thereto, subject only to the lien for the purchase money contracted for. The statute provides only two ways of acquiring liens upon crops to be raised: \One is that secured by section 2317, Ky. Stat., and the other by mortgage properly executed after the crops have been pitched. Appellent could not, by his contract of sale \ with the vendee, Sullivan, acquire in advance liens upon -all crops which might be raised upon the land sold, duffing the long period of credit given the vendee, so as to ‘deprive other creditors of the rights given by law to secure* debts which might be due from Sullivan. The statute -limits the lien given to landlords to one year’s rent, due ¿nd to *87 become due. But appellant had the right to have any money arising from the proceeds of the stock or crop, raised in 1894, covered by the mortgage executed by him-, to his vendee, Sullivan, applied first to the payment of the lien due the appellee Christie for the $200 advanced by him, and then the overplus, if any, arising from such mortgaged property paid over to him. So much of the judgment appealed from as directs that the residue of any of the proceeds of the property covered by the mortgage executed by Sullivan to appellant, after the ex-tinguishment of the $200 debt and interest which had been assigned by appellant to Christie, should be applied to the payment of the other sums adjudged to Christie was erroneous. There is nothing in the judgment of,' the court below which prevented appellant from taking a personal judgment against Sullivan individually for any balance that might be due on the debt sued for; and for the error pointed out the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.