A. N. ALFORD v. E. B. CARVER.

Decided March 14, 1903.

**1.—Landlord and Tenant—Attornment.**

Where the lessor was not a party to a foreclosure suit, a foreclosure sale of the land therein did not, as between him and the lessee, terminate the lease, nor justify the lessee in attorning to the purchaser at such sale.

**2.—Same—Lessor Selling Title in Part.**

Where plaintiff purchased land at a foreclosure sale, and after leasing it to a tenant, again purchased it at a sheriff's sale for taxes claimed against a third party, a deed subsequently made by him, and conveying only such title as he acquired by the first sale did not pass his title acquired at the second sale, and the tenant could not question such title, or attorn to another.

Error from the County Court of Clay. Tried below before Hon. H. A. Allen.

*A. M. Carter,* for plaintiff in error.

*Matlock, Miller & Dycus,* for defendant in error.

ON MOTION FOR REHEARING.

SPEER, ASSOCIATE JUSTICE.—There is no statement of facts in the record, but the case is before us upon the trial court's findings of facts and conclusions of law. The sole question raised is the sufficiency of the findings to support the judgment rendered. The findings and· conclusions are as follows:

"Findings of Fact.—First. That on the 1st day of November, 1897, defendant and plaintiff entered into and executed the lease contract sued on and attached to the plaintiff's original petition, which is made a part of this finding. (This contract provided that plaintiff leased to the defendant 11,633 acres of land in Archer County, Texas, described in said lease, from the 1st day of November, 1897, to the last day of November, 1902, for $3500, payable $350 on the first day of November, 1897, and $350 on or before the 1st day of May, 1898, and a like amount on the 1st day of November and May of each following year thereafter during the lease. It was agreed that said land should be subject to sale, and that possession should be surrendered to lessor on return of any unearned rent paid for same. That the lessee might terminate and surrender the lease at the end of any one year by giving thirty days' notice to lessor or his agent.)

"Second. That by virtue of last said contract, the defendant paid the two first installments of rent, being in possession of the land mentioned in the contract.

"Third. That plaintiff made to one R. J. Russell an assignment for the benefit of accepting creditors July 4, 1898, and on June 12, 1899,

said Russell wound up said assignment and turned over all property back to plaintiff that came to said Russell by virtue of the assignment, and said Russell made a formal deed of release of said deed of assignment to plaintiff on November 20, 1900, attached to the supplemental petition and referred to and made a part thereof.

"Fourth. The lands mentioned in the lease contract under item 1 of this finding of fact were patented about the year 1870 to the Texas Copper Mining and Manufacturing Company.

"Fifth. That afterwards on April 19, 1884, Carson & Lewis obtained a judgment against the Texas Copper Mining and Manufacturing Company for the sum of $7000, with interest at 10 per cent, foreclosing a vendor's lien on the land mentioned in said lease contract.

"Sixth. The said last judgment was on the 25th day of March, 1885, transferred by Carson & Lewis to the Dundee Mortgage and Investment Company by a deed of that date in legal form.

"Seventh. That on the 28th day of March, 1885, the Texas Copper Mining and Manufacturing Company made a deed of trust on the lands mentioned in said lease to one Summerville, trustee, to secure the Dundee Mortgage and Trust Company in the sum of $10,000, and interest at 10 per cent, which last said amount included the amount of the judgment mentioned under item 4 in these findings.

"Eighth. On June 3, 1896, the Dundee Mortgage and Investment Company brought suit in the District Court of Tarrant County, Texas, against the Texas Copper Mining and Manufacturing Company to foreclose the trust deed mentioned under item 7 in these findings, and on February 15, 1898, judgment was rendered in said cause foreclosing said trust deed on the land mentioned in said lease contract, with a judgment for the sum of $32,599; on the judgment an order of sale was issued, and the said land was, on the 1st day of November, 1898, under said judgment and order of sale, sold to the Alliance Trust Company, Limited, for the sum of $12,000, and a deed made to last said company by the sheriff of Archer County, Texas, the officer executing said order of sale.

"Ninth. On the first day of November, 1898, said defendant was in possession of the land mentioned in said lease contract, under said last contract, and had paid all rents due up to that time, and the said Alliance Trust Company, Limited, threatened to put defendant Carver out of possession of said land, and in order to avoid being put out, *without notice to plaintiff*, on the advice of counsel, defendant rented the land from the said Alliance Trust Company, Limited, and since that time has paid the rent on the premises to last said company.

"Tenth. George M. Alford, in the District Court of Archer County, Texas, on the 4th day of March, 1897, obtained a judgment against John N. Philbin, R. D. Harris, J. H. Parsons, George W. Parsons and Louis Pewers, foreclosing a deed of trust in favor of plaintiff on said land in said lease contract, in the sum of $43,400. That afterwards an order of sale, dated 9th day of September, 1897, was issued on said judgment, and

said land mentioned in said judgment and lease contract was, on the 5th day of October, 1897, sold by virtue of last said judgment and order of sale to plaintiff A. N. Alford, and transferred by deed of last said date by sheriff executing said order of sale in Archer County, Texas.

"Eleventh.   That on September 1, 1897, a judgment was rendered in the District Court of Archer County, Texas, for the State and county taxes in the sum of $448.08 in favor of the State of Texas and against R. D. Harris, John M. Philbin, George M. Alford, A. B. Bright, L. M. Lawson and the Dundee Mortgage Trust and Investment Company, Limited, with a foreclosure of a lien for taxes on the lands mentioned in said lease contract herein sued on, and on this judgment an order of sale was issued April 6, 1898, and under this last said judgment and order of sale, said land was sold by the sheriff of Archer County, Texas, on the 3d day of May, 1898, and bought in by A. N. Alford, plaintiff, and a deed was made to plaintiff by last said sheriff, purporting to convey the land in said lease contract and in last said judgment described on last said date.

"Twelfth.   That afterwards, on the 27th day of April, 1899, A. N. Alford, plaintiff, conveyed the land in the lease contract sued on herein to the Alliance Trust Company, Limited, by deed of last said date, stating in said deed that it was intended to convey such title only as he had acquired to said land by virtue of the deed to him mentioned under item 10 of this finding of fact.

"Thirteenth.   The lands in question were held under lease from R. D. Harris to Harrold and East for many years prior to date of lease contract sued on herein.

"Findings of Law.—First.   Under the foregoing findings of fact, I find the law to be:   That the sale and deed to the Alliance Trust Company, Limited, and mentioned under item 8 of the findings of fact, terminated the lease contract sued on, and that under the law defendant was not, and has not been, liable to plaintiff on the contract sued on for rents since the 1st day of November, 1898.   Second.   I find that under the judgment, order of sale and sheriff's deed in favor of the State of Texas, mentioned in the findings of fact herein, I find that plaintiff was not entitled to rents or possession of the land described in the contract sued on during the period from November 1, 1898, to November 1, 1899. Third.   I therefore find for the defendant."

We think the eighth finding of fact does not show sufficient termination of appellant's rights or title to authorize his tenant to attorn to the Alliance Trust Company, Limited, the purchaser at the foreclosure sale therein mentioned.   Alford was not a party to the suit, and for aught the record shows, was in no manner affected by the decree.   Nor can the judgment be sustained upon the twelfth finding.   The appellant conveyed only the title acquired at the George M. Alford foreclosure sale. Any other title held by him was reserved.   It may be that he did not acquire a good or perfect title under the tax sale, but whatever defects

there may be in his title, the appellee, his tenant, can not question the same, or attorn to another. This is the general rule, and the present case, as presented by the court's findings, is no exception. The appellee has not shown that appellant is without title.

The motion for rehearing is granted, the judgment reversed, and the cause remanded for a new trial.

*Reversed and remanded.*