A. H. WORDEN v. H. W. PRUTER, RECEIVER.

Decided June 15, 1905.

**Receivership—Application—When Jurisdiction Attaches—Attachment Lien.**

Where a petition asking the appointment of a receiver was presented to the District Judge at 11 o'clock a. m., and he endorsed thereon (the exact time not appearing) an order directing the clerk of court to issue notice to the defendant to appear before him at a designated time, the jurisdiction had attached as against an attachment from another court which was levied on defendant's property at 11:30 a. m., and which created no lien because the property was then in *custodia legis.*

Appeal from the District Court of Liberty. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett* and *W. W. King,* for appellant.—Where a court has acted upon an application for the appointment of a receiver, in such way as to indicate that it has determined to investigate the matter, and may appoint a receiver at some future time, the property is at once considered in the custody of the law, and not liable to process of any other court, pending such investigation. Riesner v. Gulf, C. & S. F. Ry. Co., 89 Texas, 656; City Nat. Bank v. Merchants' Nat. Bank, 27 S. W. Rep., 851; Railway v. Lewis, 81 Texas, 1; Ellis v. Ice Co., 86 Texas, 109; Atlas Bank v. Bank, 23 Pick., 480; Hubbard v. Bank, Met., 340; Trust Co. v. Railway, 6 Biss., 198; Gaylord v. Railway, 6 Biss., 286; High on Receivers, sec. 50, p. 38; Gluck & Becker on Receivers, sec. 30, p. 66; Adams v. Mercantile Trust Co., 66 Fed. Rep., 617; Chittenden v. Brewster, 2 Wall., 191; Moran v. Sturgiss, 154 U. S., 256; Shields v. Coleman, 157 U. S., 168; Wiswall v. Sampson, 14 How., 52; Walling v. Miller, 108 N. Y., 173.

*Marshall & Dabney,* for appellee.—The court did not err in foreclosing appellee's attachment lien on the property, the lien was acquired at 11:30 o'clock a. m., and the District Court of Bexar County did not assume jurisdiction and custody of the property until the filing of the petition asking for the appointment of a receiver with the court's order thereon, to wit, 1:14 o'clock p. m., and therefore appellee acquired an attachment lien on the property one hour and forty minutes before the jurisdiction of the District Court of Bexar County attached. Riesner v. Railway Co., 89 Texas, 656; Van Alstyne v. Cook, 25 N. Y., 489; Varnum v. Hart, 119 N. Y., 101; Conley v. Deere, 11 Lea., 274; In re Berry, 26 Barb., 55; Deeming v. New York Marble Co., 12 Abl. Pr., 66; High on Receivers (3d ed.), sec. 152; Smith on Receivers, p. 200.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit in the District Court of Liberty County against the Raywood Rice Company, a corporation organized under the laws of this State, to recover a debt for $1,092.58. The suit was filed on April 25, 1904, and thereafter on the same day a writ of attachment was issued on application of plaintiff and was levied upon property of the defendant at 11:30 a. m., of said day. At 11 o'clock a. m., on the same day other creditors

of the defendant corporation presented to Judge Edward Dwyer, judge of the District Court of Bexar County, a petition praying for the appointment of a receiver for said corporation. After considering this petition Judge Dwyer endorsed thereon the following order:

"In chambers, April 25, 1904. The clerk of this court is directed to issue forthwith a notice to the defendants herein to appear before me in chambers on Thursday, the 5th day of May, 1904, at 10 o'clock a. m., then and there to show cause, if any they have, why a receiver should not be appointed as prayed for.

(Signed)     Edw. Dwyer, Judge Thirty-seventh Judicial District of Texas."

The petition, with the endorsement thereon, was filed with the clerk of the District Court of Bexar County on April 25, 1904, at 1:14 p. m. The exact time at which the order of the court endorsed on this petition was made is not shown. Appellee had no notice at the time the writ of attachment was levied that a petition for a receivership had been presented to the judge of the District Court of Bexar County.

At the hearing on May 5, 1904, the prayer of the petition was granted and appellant was appointed receiver and qualified as such. Thereafter appellant intervened in this suit and sought to recover possession of the property levied on under the writ of attachment and resisted the establishment and foreclosure of appellee's asserted attachment lien thereon.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff against the defendant for the amount of his debt and against the defendant and intervenor foreclosing the attachment lien upon the property, but directing that said judgment of foreclosure be enforced through the District Court of Bexar County in which said receivership proceedings are pending. From this judgment the intervenor Worden prosecutes this appeal.

Under appropriate assignments of error appellant contends that the trial court erred in holding that appellee acquired a lien upon the property by the levy of the writ of attachment because at the time said levy was made the application for the appointment of a receiver for the defendant corporation was pending before the judge of the District Court of Bexar County, and the jurisdiction of said court having thereby attached, the property of the defendant was in *custodia legis* and therefore no lien was created by the levy of the writ of attachment.

It is a well settled general rule that when the jurisdiction of a court once attaches to the subject matter of litigation it becomes exclusive for all purposes necessary to the accomplishment of the object of the suit, and thereafter while said suit is pending the jurisdiction of other courts over said subject matter can not be called into exercise, even though they have general concurrent jurisdiction with the court in which the suit is pending.

The strict enforcement of this rule is necessary to prevent conflicts between courts of concurrent jurisdiction, and it has been uniformly recognized and followed by the courts of this State, the only difficulty in its enforcement being the determination of the question as to when

the jurisdiction of the court attaches to the subject matter of the particular suit.

In the case of Riesner v. Railway Co., 89 Texas, 656, our Supreme Court held that the jurisdiction of the court in which an application for the appointment of a receiver for a railroad had been presented to the judge attached when the judge had acted upon the application in such way as to indicate that he had determined to investigate the matter and might at some future date appoint a receiver. In that case the only action taken by the judge from which the jurisdiction of the court was held to have attached was to order the application filed. It is true the application was in fact filed under the order of the court before the levy of the writ of garnishment under which the lien adverse to the title of the receiver was asserted, but the fact of the filing was only considered material as showing that the judge had acted upon the petition in a way indicating that he had assumed jurisdiction of the subject matter of the suit. If the act of the judge in ordering a petition for the appointment of a receiver filed should be considered a sufficient assumption of jurisdiction to exclude that of other courts over the subject matter of the suit it necessarily follows that the endorsement on a petition of an order setting a day for its hearing would have a like effect.

The agreed statement in the record showing the act of the judge after the petition for a receiver was presented to him is as follows: "The application was delivered to the judge at 11 o'clock, a. m., April 25, 1904, and the following fiat entered thereof: 'In chambers, April 25, 1904. The clerk of this court is directed to issue forthwith a notice to the defendants herein to appear before me in chambers on Thursday the 5th day of May, 1904, at 10 o'clock, a. m., then and there to show cause, if any they have, why a receiver should not be appointed as prayed for.

Edw. Dwyer, Judge of the Thirty-seventh Judicial District of Texas. "And said petition was delivered to the clerk by the judge and filed by the clerk at 1:14 p. m. on April 25, 1904."

We think the reasonable inference from this statement is that the judge examined the petition at once and made his order thereon, and it certainly shows that the judge was at least considering the petition from the time it was presented to him. We think the jurisdiction of the District Court of Bexar County attached to the subject matter of the suit from the time the judge of said court began an examination of the petition for the purpose of determining whether he would appoint a receiver. The act of receiving and considering the petition was an assumption of jurisdiction over the subject matter of the suit, and the order thereafter made appointing a receiver related back to the time when the judge began the consideration of the petition.

Such being our conclusion, appellant's assignment of error must be sustained and the judgment of the court below foreclosing an attachment lien in favor of appellee upon the property in controversy reversed and judgment here rendered in favor of appellant, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.