MONROE McGILL v. LILLIAN BROWN, Administratrix of the Estate of W. McF. BROWN, Deceased.

Springfield Court of Appeals, December 7, 1923.

1. **LANDLORD AND TENANT: Lessor not Covenanting Against Foreclosure of Mortgage not Liable.** A lessor who did not covenant against a foreclosure of the mortgage is not liable to lessee for damages sustained when land was sold under foreclosure of the mortgage.

2. ————: **Lessor's Administratrix not Liable to Lessee under Partnershhip Agreement on Foreclosure of Mortgage.** Lessee's petition against lessor's administratrix, pleading agreement requiring lessee to furnish the labor and a portion of the expense, and requiring lessor to furnish the land and a part of the expense, and providing for a division of the products, and alleging that a mortgage existing on the land at the time of the execution of the lease was foreclosed and the land sold under the foreclosure, *held* not to state a cause of action, since the lease was in the nature of a partnership agreement which terminated on the death of the lessor.

3. **PARTNERSHIP:** Terminated by Death of Partner. Death of a partner terminates a partnership agreement.

4. **LANDLORD AND TENANT:** Foreclosure Terminates Lease. Foreclosure of a mortgage antedating a lease terminates the lease.

5. ————: Petition Must Allege Want of Knowledge of Mortgage. Lessee's petition for damages caused by foreclosure of mortgage antedating lease held defective for failure to allege that lessee had no knowledge of the mortgage.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Moore, Barrett & Moore* for appellant.

*Addison Brown* for respondent.

FARRINGTON, J.—From the action of the trial court in sustaining a demurrer to the petition the plaintiff prosecutes his appeal.

The plaintiff alleges that he had entered into a lease on a farm with W. McF. Brown, deceased. That by the terms of the lease he was to furnish the labor and a portion of the expense, and Brown was to furnish the land and part of the expense. They owned the live stock jointly and were to divide the products of the land and the increase and products of the live stock. It is alleged that during the term of the lease Brown died and the land was sold under the foreclosure of a mortage. That the encumbrance was prior to the lease, and that by his eviction plaintiff was damaged for loss of the crops and increase in live stock as provided in the lease. The petition contains an allegation that the lease "did not covenant against the conditions broken." Just what is meant by the last allegation we are at a loss to know

except it be that said Brown, the lessor, did not covenant against a foreclosure of the mortgage, and if that be the meaning then no liability could arise from such foreclosure.

The suit is against the Administratrix of Brown's estate and seeks to recover damages for the breach of the lease.

We do not think the petition states a good cause of action; first, because the lease was in the nature of a partnership agreement to carry on a farming business, and of course the death of one of the partners terminates the agreement. Such leases as this are held to create a partnership. [24 Cyc, 1466 and 1467.] Again, it is held that the foreclosure of demised premises antedating the lease terminates the lease. [24 Cyc, 1341.]

1 Tiffany on Landlord & Tenant, page 408, lays down the rule that a tenant takes subject to the encumbrances of which he has actual or constructive knowledge. There is no allegation of want of knowledge pleaded in the petition.

While the lease in this case bound the executors and administrators of the plaintiff, it only bound the heirs and assigns of the lessor, Brown.

The petition failed to state a cause of action against this defendant, and the court very properly sustained the demurrer. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.