GUERRA v. CITY NAT. BANK OF CORPUS CHRISTI.

No. 8371.

Court of Civil Appeals of Texas. San Antonio.
Feb. 26, 1930.

Rehearing Denied March 26, 1930.

Seabury, George & Taylor, of Brownsville, and Jas. G. Cook, of Sinton, for appellant.

E. B. Ward, of Corpus Christi, for appellee.

FLY, C. J.

Appellee filed this suit to recover the sum of $2,500, alleged to be due on a promissory note executed by appellant and payable at Sinton, Tex. Appellant filed a plea in abatement, setting up the pendency, in the district court of Hidalgo county, of cause No. 6687, styled D. Guerra v. F. W. Lemburg, City National Bank of Corpus Christi, Clark Pease, and the Commercial State Bank of Sinton, which was filed on July 14, 1928, prior to the time this suit was instituted; that the suit in Hidalgo county was brought to cancel, set aside, and hold for naught the note for $2,500 herein sued on and to obtain a writ of injunction to restrain each of the parties named from suing on or transferring said note. A temporary writ of injunction was granted. Appellee filed exceptions to the plea and answered that the present suit is different from the one pending in Hidalgo county, in that Clark Pease and F. W. Lemburg are not joined in this suit, that citation was not issued in the Hidalgo county suit until after the present suit was filed, and, there are other grounds pleaded which it is claimed show that appellee could bring this suit. The plea in abatement and plea to the jurisdiction were overruled, and judgment rendered in favor of appellee on the note.

■ The facts show that the cause was filed, as alleged, in the district court of Hidalgo county; that appellee herein presented a plea of privilege to be sued in Nueces county, which was overruled; that appellee herein was the real party; that the injunction restraining it from instituting suit or transferring was in full force and effect when the present suit was filed, and is still in full force and effect; and that the Hidalgo County case is still pending.

The facts show defiance and disregard, upon the part of appellee, of the order of another district court which had acquired jurisdiction of the subject-matter and person of appellee. The subject-matter of the suit was the note for $2,500, and appellee was the only real party, and the first court in the exercise of its jurisdiction had issued a writ of injunction to restrain appellee from suing upon the note or transferring it, but in the face of that order the present suit was filed in San Patricio county.

■■ For purposes of this suit it must be assumed that the district court of Hidalgo county had jurisdiction of the suit filed therein and had authority to issue the writ of injunction against appellee, and, as said in Railway Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 648, 26 Am. St. Rep. 776: "There is a manifest propriety, if not necessity, for holding that the court which first acquires jurisdiction over a controversy should maintain it undisturbed by the interference of any other court of co-ordinate jurisdiction. * * *" Followed in Riesner v. Railway, 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84; Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086; Worden v. Pruter, 40 Tex. Civ. App. 118, 88 S. W. 434; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; No. 8397, Dallas Joint Stock Land Bank v. Glenn, 25 S.W.(2d) 164, decided by this court February 6, 1930.

Any other rule than that followed in all appellate courts would lead to controversy, unseemly strife, and chaotic condition in judicial affairs. In the interest of systematic good government and the orderly dispensing of justice, the rule must be followed. It was a well-established rule in courts of equity, and has been adopted in Texas courts. Chambers v. Cannon, 62 Tex. 293; Stein v. Frieberg, 64 Tex. 271; Seymor v. Hill, 67 Tex. 385, 3 S. W. 313; Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881.

The judgment is reversed, and it is the order of this court that the cause of action be dismissed from the district court of San Patricio county.