ORR & LINDSLEY SHOE CO. v. R. H. THOMPSON.

No. 415.—Decided May 11, 1896.

1. **Insolvent Corporations—Attachment and Garnishment.**
   A creditor cannot by garnishment or attachment subject the assets of an insolvent corporation to his own claim to the exclusion of other creditors.

2. **Same—Parties in Administering Assets.**
   A pro-rata administration of the assets of an insolvent corporation cannot be effected by garnishment proceedings to which the other creditors are not parties.

CERTIFIED QUESTIONS by Court of Civil Appeals for First District, in an appeal from Rusk County.

*W. C. Buford* and *J. H. Turner*, for appellant.—Cited: Hardware Co. v. Manufacturing Co., 86 Texas, 149; Florsheim Dry Goods Co. v. Wettermark, Galveston Term, March, 1895; Lyons Thomas Co. v. Perry Stove Co., 27 S. W. Rep., 100; Harrigan v. Quay, 27 S. W. Rep., 897; Lagrange Butter Co. v. Bank, 26 S. W. Rep. (from Missouri); Morris v. House, 32 Texas, 492; Focke v. Blum, 82 Texas, 438; Murphy v. Arkansas City Millinery Co., 26 S. W. Rep., 853; Simon v. Ash, 1 Texas Civ. App., 210; Baylor Co. v. Craig, 69 Texas, 331.

*John R. Arnold,* for appellee.

BROWN, Associate Justice.—The Court of Civil Appeals for the First Supreme Judicial District certified to this court the following statement and questions:

"The Farmers' Alliance Co-operative Association, of Rusk County, Texas, an incorporated association under the general laws of the State of Texas, having become insolvent, undertook to execute a deed of trust to the appellee, R. H. Thompson, to secure certain preferred creditors. The appellant, the Orr and Lindsley Shoe Company, brought suit against the association and garnished the appellee, who had the property of the association in his possession, holding it for administration in accordance with the deed of trust. The following questions arising from the record are certified to the Supreme Court:

1. Can a diligent creditor subject the assets of an insolvent corporation to his own claim against such corporation to the exclusion of other creditors?

2. Can a pro rata distribution of such assets be effected by garnishment, and in a proceeding to which the other creditors are not parties?"

Answer to First Question:—The statement which accompanies the question certified in this case is not very full, but from it we understand that the Farmers' Alliance Co-operative Association of Rusk County, Texas, being insolvent and having ceased to do business, with no expectation of resuming such business, made the preference deed of trust in question and upon that understanding of the facts stated, we answer as follows:

In the case of Lyons Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Texas, 143, this court held that when a corporation becomes insolvent and has ceased to do business or, by the act of making a deed of trust, mortgage or conveyance of its property, terminates its business with no intention or ability to resume it, it has no power to give preference to one or more of its creditors over others; but its assets become a trust fund in the hands of its directors to be distributed pro rata among its creditors to the extent that such assets are not encumbered by valid prior liens. The rights of all creditors in the fund are by law fixed, so soon as the conditions arise out of which the trust relation springs. After the trust attaches, neither the corporation nor the trustees can by any act of theirs

affect the rights of the creditors, and we think that it necessarily follows that no creditor can, by any act of diligence on his part, accomplish that which neither the corporation nor trustees could do by agreement with him. In such case the trust attaches in favor of creditors without acceptance by them. If one could secure an advantage by garnishment or attachment over other creditors, the equality of right created by law would be destroyed. Indeed it would be a remarkable proposition to say that one by legal process may appropriate to himself that which belongs equally to him and to others.

It is urged on behalf of appellants that the appellee has no right to the property in question, and that judgment should have been rendered for them. It is not enough for a plaintiff in a writ of garnishment to show that the garnishee has no right to the property, but it must appear that if the real owner, the defendant in the main suit, had possession, the property would be subject to appropriation to the payment of the plaintiff's debt. If in this case the directors of the insolvent corporation had possession of the property which is in the hands of the garnishee, it would not be subject to such appropriation under the facts stated in this case, from which it follows, that although the instrument by which the garnishee holds may be void as between him and the creditors of the corporation, it cannot be applied to the payment of plaintiff's debt alone.

We therefore answer that the plaintiff in the garnishment proceedings did not secure any right to have the funds of the corporation in the garnishee's hands applied to the payment of his debt to the exclusion of other creditors of the corporation.

ANSWER to Second Question:—When one of a number of beneficiaries of a trust institutes proceedings for the purpose of enforcing the trust and distributing the trust fund, all of the beneficiaries entitled to participate in the fund must be made parties to such proceeding, unless the proportionate part to which each of the beneficiaries is entitled is fixed by the instrument which creates the trust or in some other manner so that there can be no question as to the right of the plaintiff to a given portion of such fund. Barber on Parties, 626-627; Hudson v. Milling & Elevator Co., 79 Texas, 401. This is necessary in order that the court distributing the fund may be able to ascertain who are the creditors and the amount to which each is entitled out of the funds to be divided. If it were allowed to one creditor to proceed against a trustee without making other beneficiaries in the trust parties, any judgment as to the rights of such beneficiaries not made parties to the proceeding would be without binding force as to them, and would be no protection to the trustee in case the court ordered a payment by him to the party prosecuting his claim.

We answer to the second question, that under the facts stated the trust fund cannot be distributed in a proceeding to which other creditors of the corporation are not parties.