TEMPLE LUMBER CO. et al. v. PINELAND
NAVAL STORES CO. et al.
No. 1857.

Court of Civil Appeals of Texas. Beaumont.
Jan. 22, 1930.

R. E. Minton, of Lufkin, for appellants.
Andrews, Streetman, Logue & Mobley, of
Houston, for appellees.

HIGHTOWER, C. J.

This suit was filed in the district court of
Angelina county by appellants Temple Lum-
ber Company and Southern Pine Lumber
Company, both private corporations, against
Pineland Naval Stores Company, a private
corporation, Benton McMillin, Mrs. John F.
Adams, a feme sole, Edward H. Andrews,
Frank Andrews, Mrs. Frank Andrews, J. S.
Rice, J. D. Butler, John R. Enquist, H. S.
Filson, J. T. Martin, L. D. Gilbert, T. L. L.
Temple, Mrs. Hal C. Temple and her husband,
T. L. L. Temple, Jr., Arthur Temple, and H.
C. Temple, as defendants. The original peti-
tion was filed August 18, 1924, but the amend-
ed petition, on which the case proceeded to
trial, was filed November 1, 1927.

We find in the brief of counsel for appel-
lants a statement of the nature and result
of the suit, which is not objected to by the
appellees, and which, in so far as it goes, is
sufficient for our disposition of this appeal.
This statement is substantially as follows:
Appellants pleaded a written contract with
the defendant Pineland Naval Stores Com-
pany whereby that defendant agreed to ex-
tract the turpentine from certain pine tim-
ber owned by appellants over a period of
several years; and by the terms of that con-
tract the Pineland Naval Stores Company
bound itself to pay appellants for such tim-
ber as died as the result of the turpentining
operations within a stated period from the
date the timber was designated for turpen-
tining. And by the terms of the contract the
Pineland Naval Stores Company bound itself
to pay to the Southern Pine Lumber Com-
pany 5 per cent. of the net profits derived
from the turpentining operations after cer-
tain deductions specified in the contract
should be made.

Appellants alleged the happening of the
events and contingencies necessary to mature
the obligation of the Pineland Naval Stores
Company to pay appellant Temple Lumber
Company the sum of $15,000, and to pay ap-
pellant Southern Pine Lumber Company the
sum of approximately $10,000, and further
alleged that after demand the Pineland Naval
Stores Company had refused to pay to ap-
pellants their said debt, or any part thereof.

In their attempt to state a cause of action
against the other defendants in this suit than
the Pineland Naval Stores Company, appel-

lants further alleged that the Pineland Naval Stores Company, the corporation defendant, rendered itself insolvent by the payment of certain sums of money as dividends to its stockholders, including the appellees to this appeal, during the year 1920, amounting in the aggregate to 65 per cent. of that corporation's capital stock, which dividends appellants alleged were paid illegally and unlawfully by the defendant Benton McMillin, as the secretary and general manager of the Pineland Naval Stores Company, by his making advances to the stockholders of that corporation, including appellees here, on the following dates and in the following sums, to wit: February 5, 1920, the sum of $2,400; March 19, 1920, the sum of $20,000; August 31, 1920, the sum of $8,000.

It was alleged that these payments were intended by McMillin as dividends to the named stockholders of the Pineland Naval Stores Company but that they were not so declared by the board of directors of that company until January 25, 1921, at which time McMillin reported his action in the matter and it was then ratified and adopted by the stockholders and directors of the Pineland Naval Stores Company. It was alleged in that connection that all the appellees here were among the stockholders of the Pineland Naval Stores Company, and that they received the dividends complained of, in varying amounts, fully shown in appellants' petition.

It was further alleged that the defendants Benton McMillin, H. S. Filson, and Frank Andrews were among the directors of the Pineland Naval Stores Company, and that they were present and participated as directors in the declaration of the dividends complained of "and have been such directors continuously since"; and that portions of appellants' debts were then owing and the remainder has since accrued and ascertained.

Appellants further alleged that defendant Benton McMillin was a director and was secretary and general manager of the Pineland Naval Stores Company during 1920 "and at all times since," and that he had notice and knowledge of the insolvency of that corporation because of the payment of the dividends complained of, and that with such notice and knowledge on his part he had himself preferred as a creditor of the Pineland Naval Stores Company, and, as such creditor, received a preference in the sum of $15,000, and it was charged that McMillin "holds this as a trust fund for appellants, there being no other outside creditors."

Some of the defendants, though duly cited, made no answer, and some of them, other than the appellees here, filed only formal answers but made no further defense. The appellees here, who are Benton McMillin, H. S. Filson, Edward H. Andrews, Frank Andrews, Mrs. Frank Andrews, J. S. Rice and T. J. Martin, answered by general demurrer and specially excepted to the petition of appellants on the ground that their demand as against these appellees was barred by the statutes of two and four years' limitation. They also specially pleaded in bar the statutes of two and four years' limitation and filed other defensive pleas in bar, which become immaterial in view of the disposition made of the case by the trial court and the questions that are now before this court.

The trial court sustained the general demurrer interposed by the appellees here and also their special exceptions interposing the statutes of two and four years' limitation and, appellants declining to amend, their suit was dismissed as to the appellees, and it is from that ruling of the trial court that appellants prosecute this appeal.

Judgment was rendered in favor of appellants as against Pineland Naval Stores Company for the sum of $19,689.44, as to which there is no complaint, and appellants also had judgment against Mrs. John F. Adams for $6,370, and against defendant J. D. Butler for $3,250, and against defendant John R. Enquist for $3,000, and against defendant L. D. Gilbert for $6,370, and against defendant Mrs. Hal C. Temple for $6,360, and against defendant T. L. L. Temple for $5,980, and against the defendant H. G. Temple for $2,600, as well as for all costs of suit, and none of these last-named defendants are complaining in this court.

Counsel for appellees in their brief object to our consideration of appellants' assignments of error on the ground that the assignments are too general. The first assignment of error is that the trial court erred in sustaining the general demurrer interposed by the appellees, and the other assignments are to the effect that the trial court erred in sustaining the special exceptions interposing the statutes of limitation of two and four years against the right of appellants to recover anything as against appellees. These assignments are not too general and require our consideration because they call the trial court's attention to the specific rulings complained of. Whenever an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of it is sufficient. The assignment itself does not have to state the reason why the ruling of the court was erroneous, that being the office of the proposition required to follow the assignment. Clarendon, etc., Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105. We, therefore, overrule the objections to the assignments of error.

The trial court having sustained the general demurrer interposed by the appellees, as well as the special exceptions, the correctness of that action must be tested by the rul-

ing on the general demurrer, and, if that ruling was correct, the rulings on the special exceptions become immaterial and we need not further mention them.

It is clear from appellants' petition in this case that they seek to hold all defendants in this case, other than the Pineland Naval Stores Company, liable under what has come to be commonly known and called the "trust fund doctrine." Indeed, it was admitted by learned counsel for appellants at the oral argument of this cause in this court that the only theory upon which recovery could be had by appellants against any of the defendants, other than Pineland Naval Stores Company, was under the trust fund doctrine. Now the ground upon which appellants claim they are entitled to recover against the appellees is that when Benton McMillin, as secretary and general manager, paid to certain stockholders of the Pineland Naval Stores Company certain dividends, as shown above, and, by reason of that payment, the Pineland Naval Stores Company was rendered insolvent, the property and assets and funds of the corporation, Pineland Naval Stores Company, became a trust fund in the hands of the directors of that corporation for the benefit of its creditors, who were the appellants here. If it be true that the payment of the dividends complained of by the Pineland Naval Stores Company through McMillin rendered that corporation insolvent, as alleged by appellants, still that fact alone did not have the effect to constitute the property and assets of the Pineland Naval Stores Company a trust fund in the hands of the directors of that corporation for the benefit of its creditors.

■ As we understand the law in Texas, as construed by our Supreme Court in several cases, two things are necessary to constitute the property and funds of a corporation a trust fund for the benefit of the corporation's creditors. One is that the corporation must be insolvent, and the other is that there must be a cessation of the corporation's business. Both insolvency and ceasing to do business by the corporation must exist before a trust attaches to its funds and properties in the hands of its directors for the benefit of creditors. We think the following authorities clearly support this conclusion: Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802; Orr & Lindsley Shoe Co. v. Thompson, 89 Tex. 501, 35 S. W. 473. Both these authorities hold that for the assets of a corporation to become a trust fund, in which creditors have a right superior to stockholders, the corporation must not only be insolvent but it must have ceased to do business with no intention to resume business.

■■ It is true that the appellants' petition in this case clearly alleges that the pay-

ment of the dividends complained of by the Pineland Naval Stores Company to certain of its stockholders through its secretary and general manager McMillin had the effect to render that corporation insolvent, but there is no allegation, express or implied, in the petition of appellants, to the effect that the Pineland Naval Stores Company, at the time of the payment of the dividends, ceased to do business or that it ever has ceased to transact its corporate business. There is no fact stated in the petition, that we have been able to discover, from which it might be reasonably inferred that cessation to do business by the corporation resulted from the payment of the dividends to its stockholders here complained of but, on the contrary, we have concluded that it might be reasonably inferred from the petition that the Pineland Naval Stores Company continued to prosecute its corporate business at least down to the time the amended petition in this case was filed by appellants. We have shown above, in quotation, that the petition alleged that the defendant Benton McMillin was secretary and general manager of the Pineland Naval Stores Company at the time of the payment of the dividends complained of, and that he has continued to be that corporation's secretary and general manager ever since that time. We think the reasonable deduction or inference to be drawn from this language is that the Pineland Naval Stores Company continued to do business notwithstanding the payment of the dividends to stockholders, which is made the complaint by appellants here. In another place in the petition, as we have shown, it was alleged that certain of the appellees were sought to be held as directors of the Pineland Naval Stores Company on the ground that they participated in the declaration of the dividends that were paid to the stockholders and that it was further shown in the petition of appellants that these same directors have continued to be directors of that corporation. We think that the reasonable deduction or inference from this language is that the corporation, Pineland Naval Stores Company, continued to prosecute its corporate business notwithstanding the payment of the dividends complained of. We are not unmindful of the general rule prevailing in this state that, as against a general demurrer interposed by a defendant, all reasonable intendments will be indulged in favor of the sufficiency of the plaintiff's petition to show a cause of action. That rule is elementary in this state, and innumerable authorities might be cited supporting it. What we hold here is that there is no fact stated in appellants' petition, expressly or by implication, from which it might be reasonably inferred that the payment to its stockholders of dividends, by the Pineland Naval Stores Company, at that time, or any time since, caused a cessation of that corpo-

ration's business. On the contrary, as we have already stated, we think that the only reasonable inference to be drawn from the petition in that respect is that the Pineland Naval Stores Company has continued, at least down to the date of the filing of appellants' amended petition, to prosecute its corporate business. For these reasons we hold that appellants' petition in this case failed to state a cause of action against any of the appellees to this appeal, including the appellee Benton McMillin, and that the trial court was correct in sustaining their general demurrer.

In conclusion we desire to state, for the information of learned counsel for appellant, that we have not overlooked the comparatively recent case of Davies v. Texas Employers' Insurance Ass'n (Tex. Com. App.) 16 S.W.(2d) 524, to which he called our attention at the oral argument of this case. The holding of the Commission of Appeals in that case, so far as applicable to this, was that while the plaintiff's petition, standing alone, was perhaps not good against the general demurrer, yet that its insufficiency was cured by allegations contained in the defendant's answer. It is true, as we understand the rule in this state, that a defective petition may be aided and rendered sufficient to show a cause of action in the plaintiff by allegations of fact contained in the defendant's answer. But in the instant case we find nothing in the answer on the merits interposed by the appellees that could give any aid to appellants' petition, for it is certainly not stated or admitted in any way in the answer of the appellees that the payment of the dividends, here complained of by appellants, to the stockholders of the Pineland Naval Stores Company, caused a cessation of that corporation's business at any time.

Having reached the conclusion that the trial court's ruling on the general demurrer was correct, it becomes unnecessary to express any opinion as to that court's ruling on the special exceptions and we pretermit any discussion of that point. The judgment is affirmed.