## BAYLOR UNIVERSITY v. CHESTER SAV. BANK et al.

### No. 1567.

Court of Civil Appeals of Texas. Waco.

April 4, 1935.

Rehearing Denied May 9, 1935.

Jos. W. Hale and E. B. Burleson, both of Waco, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, Goggans & Ritchie, of Dallas, W. R. Walker, of Cleburne, B. G. Mansell, of Fort Worth, and Wm. P. Goar, of Dallas, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by Chester Savings Bank, a corporation, against appellant, Baylor University, a corporation, and Oran Smith, sheriff of Johnson county, to restrain the sale of a tract of land containing 62½ acres under an order of sale issued on a judgment in favor of Baylor Univer-

sity against Investors' Mortgage Company, a corporation, R. J. Newton and J. F. Prince and wife, foreclosing an abstract of judgment lien on said tract of land to secure an unpaid judgment theretofore recovered by Baylor University against said Investors' Mortgage Company and its duly appointed liquidating trustees. On the same day plaintiff filed this suit, the Canal Bank & Trust Company, a corporation, and Joe M. Miller filed a plea of intervention herein, in which they also complained of Baylor University and said Smith as sheriff, and in which they sought to restrain the sale of a different tract of land, containing 246 acres, under said order of sale issued on said judgment as aforesaid. The pleadings of the parties were voluminous, and no necessity exists for a statement of the same. The facts involved are complicated. Baylor, on April 11, 1931, recovered a judgment for $9,000 against Investors' Mortgage Company and its liquidating trustees, R. J. Newton, R. Bland Logan, and A. B. Freeman, for the breach of a contract of guaranty. On April 23, 1931, Baylor filed an abstract of said judgment for record in Johnson county. The regularity of such record is not challenged. Baylor thereafter, on October 14, 1932, instituted a suit in the district court of Johnson county against the Investors' Mortgage Company, R. J. Newton, and J. F. Prince and wife to foreclose its abstract of judgment lien on two separate tracts of land situated in said county, one of which tracts contains 246 acres and is claimed herein by interveners as the property of the Canal Bank, the legal title thereto being in said Miller as trustee for it, and the other of which contains 62½ acres and is the tract upon which plaintiff, Chester Savings Bank, claims a lien prior and superior to any right which Baylor may have acquired by the record of its abstract of judgment. Baylor, on January 6, 1933, procured a judgment in said suit declaring that both said tracts of land were in fact the property of said Investors' Mortgage Company, the defendant in its said judgment, foreclosing its judgment lien thereon and ordering the issuance of an order of sale to enforce the same. Such process was thereafter issued, placed in the hands of defendant Smith as sheriff of said county, and by him levied on said property and the same duly advertised for sale thereunder. The facts upon which the claim of Canal Bank to the 246-acre tract is based, and upon

which the claim of the savings bank to a prior and superior lien on the 62½-acre tract is based, are so different that they demand separate statement and consideration. Such facts will therefore be recited in connection with the issues of law affecting the claims of said respective parties as such issues are hereinafter discussed.

The case came on for hearing, and a jury was impaneled to hear the evidence and pass upon the facts. At the close of the testimony, the court refused Baylor's request for a peremptory instruction, and refused to submit to the jury for determination certain fact issues requested by Baylor. The court thereupon instructed the jury to return a verdict in favor of the interveners, Canal Bank & Trust Company and Joseph M. Miller, trustee, for title to, and possession of, said 246-acre tract. The court further instructed the jury to return a verdict in favor of the plaintiff, Chester Savings Bank, finding that it had a deed of trust lien against the 62½-acre tract securing certain notes held by it, and that such lien was prior and superior to the rights of Baylor University therein. The jury returned verdicts responsive to such instructions, and the court rendered judgment thereon against Baylor University in favor of Canal Bank & Trust Company and Joseph M. Miller as trustee therefor for the recovery of title to and possession of said 246-acre tract, removing cloud cast upon interveners' title thereto by the record of Baylor's abstract of judgment as aforesaid, and perpetually restraining Baylor University from selling said tract of land under said judgment. The court further rendered judgment on such verdicts establishing a valid and enforceable deed of trust lien in favor of the Chester Savings Bank to secure the indebtedness claimed by it on said 62½-acre tract, declaring such lien in all things prior and superior to any and all claims asserted by Baylor University against said tract of land, and perpetually enjoining it from selling said tract of land under said judgment unless sold subject to such prior lien. Baylor University has perfected an appeal to this court from said judgment.

## Opinion.

Appellant presents assignments complaining of the refusal of the court to give a peremptory instruction in its favor and of the action of the court in giving peremptory instructions in favor of each of the appellees. As before stated, the issues between appellant and the respective appellees require separate consideration. Appellant in its brief presents, first, its complaint of the judgment against it in favor of Canal Bank and Miller, its trustee. We will follow such order of presentation. The facts out of which the respective contentions of these parties arise are complicated. Stanley and wife, on October 25, 1919, owned the 246-acre tract here involved, and on that day they encumbered it by deed of trust with a lien in favor of Investors' Mortgage Company to secure a loan by it to them in the sum of $7,500, which was to become due November 1, 1926. Said deed of trust was duly recorded. Appellant and said appellee agree that said Stanley and wife were the common source of the respective rights and titles claimed by them. The note evidencing said indebtedness, together with the lien securing the same, was transferred to Baylor University on January 22, 1920. The title to said land passed by successive conveyances to J. F. Prince, who acquired the same on November 1, 1926, and as a part of the consideration for his purchase paid $500 on said indebtedness and assumed the payment of the remaining $7,000 thereof which became due on that date. Said Prince and wife, on the date of such purchase, in renewal and extension of the indebtedness so assumed, executed and delivered to Investors' Mortgage Company nine notes, designated as principal notes, and amounting in the aggregate to $7,000, the first eight of which were for the sum of $350 each and the ninth for the sum of $4,200, and the first of which was to mature on November 1, 1928, and one annually thereafter; and ten notes, designated as interest notes, for varying sums, the first of which was to become due November 1, 1927, and one annually thereafter. Prince and wife also executed and delivered to R. J. Newton, trustee for Investors' Mortgage Company, a deed of trust on said land to secure both said principal and interest notes as hereinbefore recited. By the express terms of said deed of trust, the holder of said notes was subrogated to all the rights, liens, and equities existing in favor of the holder of the original indebtedness there purported to be renewed and extended. Said deed of trust also contained an express provision permitting any beneficiary thereunder, in event of default in the payment at maturity of any indebtedness held by him, to enforce a

"partial foreclosure" of the lien securing the indebtedness so in default, for the amount then actually past due, by procuring the sale of said property by the trustee for the satisfaction of such past-due indebtedness alone, without accelerating the maturity of any other indebtedness secured by such lien. Said provision also declared that any portion of the debt not embraced in such partial foreclosure should remain secured by a good and valid lien on said property as against any purchaser at a partial foreclosure sale. Said deed of trust was duly recorded. Investors' Mortgage Company thereafter, on or about May 26, 1927, paid to Baylor University the entire balance of principal and interest due to it on the Stanley note, and Baylor executed a release of the lien securing said note, which release was duly recorded on June 27, 1927.

The testimony shows without contradiction that default was made in the payment of the first of said Prince interest notes, which was for the sum of $105 and due November 1, 1927; that Investors' Mortgage Company caused the property to be sold under its deed of trust to satisfy such past-due note; that it became the purchaser at said sale; that such foreclosure was under the provisions of said deed of trust authorizing "partial foreclosures"; that the remainder of the indebtedness secured by such deed of trust was not matured nor satisfied; that it was the express purpose of those acting for the mortgage company in such transaction that the other outstanding notes should not be satisfied nor the lien securing the same merged into the legal title to the land acquired as the result of such sale, but that such notes should remain valid and negotiable and the lien securing the same an encumbrance thereon. The testimony with reference to whether the trustee making such sale actually executed a deed conveying the land to the mortgage company is indefinite, but it does show affirmatively that such deed, if any, was never recorded and cannot now be found. The testimony further shows that such partial foreclosure was effected on or about January 3, 1928; that the mortgage company rented said land to tenants and collected the rents therefrom for that year and for several succeeding years. The Investors' Mortgage Company, on December 15, 1928, conveyed said land to R. J. Newton, and in its conveyance stipulated that said Newton should take the same subject to the indebtedness described in the original deed of trust given by Prince and wife. Said Newton and wife, on December 17, 1928, executed and delivered to said mortgage company their note for $2,000, and secured the same by a deed of trust on said land. Newton testified that the purpose of this transaction was to create additional collateral, and that he held the land for the mortgage company. No disposition of said note by the mortgage company was shown. The Investors' Mortgage Company carried on its business largely upon capital borrowed from Canal Bank. On August 23, 1929, it executed and delivered to said bank its promissory note payable on demand for the sum of $42,000, and secured the same by pledge of certain collateral recited on the back thereof, the sale of which collateral to satisfy said note was expressly authorized. Eight of said Prince notes, designated as principal notes as aforesaid, one of which by its terms was to mature November 1, 1929, and one of which was to mature annually thereafter for seven successive years, were included in said list. Whether such notes had been used as collateral to secure prior indebtedness of the mortgage company to said bank or any other creditor is not disclosed. Said notes were each indorsed in blank by the Investors' Mortgage Company.

The Investors' Mortgage Company was dissolved by vote of its stockholders on May 20, 1930, and a certificate of such dissolution was filed with the secretary of state at Austin on May 31, 1930. Said certificate further showed that R. J. Newton, R. Bland Logan, and A. B. Freeman were the sole directors of said corporation at the time of its dissolution, and that they were acting as statutory trustees in its liquidation. There was affirmative testimony that said corporation was insolvent at that time and continuously thereafter.

The first of the Prince notes so pledged was apparently paid and the remainder of the same were subsequently, on October 8, 1931, purchased by Canal Bank at a sale of the collateral pledged to secure said $42,000 note held by said bank. The regularity of such sale is not questioned.

 Appellant, by additional assignments, contends that Canal Bank did not, in connection with its acquisition of the Prince notes as aforesaid, acquire also a valid lien on said tract of land to secure the same, as asserted by it. One of the grounds on which this contention is based is that, when Investors' Mortgage Company, on

January 3, 1928, acquired the legal title to said tract of land, the charge or lien thereon to secure the Prince notes remaining unpaid was as a matter of law merged into such legal title and extinguished. The rule in this state for determining whether a merger has taken place depends upon the showing as to the intention of the person in whom the estates are vested. A merger will not be held to have taken place where such result was not intended. Accordingly, it may be concluded from the attending circumstances that a charge or lien on land has not been extinguished by the acquisition by the lienor of title to the property. Where the evidence shows that it was to the interest of the owner of both estates that they should remain separate, the law presumes an intention corresponding with such interest. The requirements of justice will also be considered in determining such issue. 17 Tex. Jur. p. 122 et seq., §§ 27 to 29, inclusive; Beeler v. Terrell (Tex. Civ. App.) 245 S. W. 459, 461, pars. 1 and 2; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 262, 254 S. W. 296, 302, par. 10, 29 A. L. R. 607, and authorities there cited; West v. McCelvey Loan & Investment Co. (Tex. Civ. App.) 229 S. W. 913, 916 (writ refused), and authorities there cited; Huselby v. Allison (Tex. Civ. App.) 25 S. W.(2d) 1108, 1112, pars. 9 to 12, inclusive; Ferguson v. Ragland (Tex. Civ. App.) 243 S. W. 721, 724, par. 5 (writ refused); Fidelity & Deposit Co. v. Albrecht (Tex. Civ. App.) 171 S. W. 819, 821, par. 1 (writ refused); Henningsmeyer v. First State Bank (Tex. Civ. App.) 192 S. W. 286, 290, par. 1; Cole v. Grigsby (Tex. Civ. App.) 35 S. W. 680, 690, affirmed 89 Tex. 223, 35 S. W. 792. Clearly, under the rules announced in the authorities above cited, merger as a matter of law was not shown.

Appellant further contends that, if such merger was not shown as a matter of law, the testimony raised an issue of fact with reference thereto which the court was required at its request to submit to the jury for a finding. As hereinbefore recited, there was affirmative and uncontradicted testimony that the foreclosure sale at which the Investors' Mortgage Company acquired the legal title to said land was for the satisfaction of the first maturing interest note alone, that the maturity of the other notes was not accelerated, and that, in ordering such foreclosure in behalf of the mortgage company, it was the express intention that the lien securing the remainder of said notes should not be merged into the title acquired by the purchaser at such sale. There was also affirmative and uncontradicted testimony that the deed conveying said land to the mortgage company, if one was ever executed by the trustee making said foreclosure sale, was withheld from record. Such testimony, considered in connection with the provision for partial and successive foreclosures contained in the deed of trust by which the entire Prince indebtedness was secured, the provision in the deed from the mortgage company to Newton that he should take title to said land subject to the unpaid notes, and the action of the mortgage company in indorsing and delivering said notes to the Canal Bank as collateral security for a loan to it, requires, we think, a holding that no jury issue with reference to merger was raised. A holding that the purported lien securing the notes transferred to the bank had prior thereto been extinguished by merger into the legal title to the land held by the mortgage company, and thereby rendered unenforceable against such land, would be to hold the mortgage company guilty of a deliberate fraud without any evidence to support such holding. Were the testimony, however, sufficient to raise such issue, it would apparently be an immaterial one, in view of the judgment in favor of Canal Bank foreclosing such lien against the receiver in the court in which the receivership was pending.

Appellant presents an assignment in which it contends that Canal Bank failed to show any right in itself to question the validity of the judgment establishing and foreclosing its lien on said land. A further statement of the facts is necessary in this connection. Certain creditors of the Investors' Mortgage Company, on March 27, 1931, filed in one of the district courts of Tarrant county a suit against said corporation and its liquidating trustees to recover judgment on claims asserted by them. They alleged affirmatively that said corporation was insolvent and prayed for the appointment of a receiver to take charge of its assets and administer the same under the direction of the court. Their petition was, on the same day, presented to the court and an order made setting the application for receiver for hearing and directing the issuance of notice thereof to the defendants in the suit. The court subsequently heard said application, and on May 9, 1931, appointed W. M. Massie receiver, and au-

thorized him to take and hold all the property of said corporation and control and manage the same under the direction of the court. Massie promptly qualified. The Canal Bank, on October 8, 1931, in pursuance of the terms of its contract of pledge, had all the collateral then unpaid, including said Prince notes, which had been delivered by said mortgage company to secure said $42,-000 note, sold by a public auctioneer and became the purchaser thereof at such sale. The regularity of such foreclosure is not assailed.

Canal Bank thereafter, on June 29, 1932, filed in the same district court of Tarrant county in which the receivership was pending a suit against J. F. Prince and wife, W. H. Taylor (a prior owner of the land), R. J. Newton, and Investors' Mortgage Company, to recover judgment on said unpaid Prince notes and to foreclose the deed of trust lien given to secure the same on said tract of land. Massie, in his capacity as receiver, was made a party defendant in said suit. Canal Bank, on June 30, 1932, filed for record in the office of the county clerk of Johnson county, where said land was situated, a "lis pendens notice" of such suit. All parties defendant in said suit were either served with citation or entered an appearance therein. The court, on September 6, 1932, rendered judgment in said suit in favor of Canal Bank against J. F. Prince as maker of said notes for the sum of $8,400.29, and against all the defendants foreclosing the deed of trust lien on said land, ordering the sale of the same to satisfy such recovery and awarding proper process to enforce the same. Canal Bank did not, at the time said suit was instituted nor at the time judgment was rendered, have actual knowledge of the record of appellant's abstract of judgment. Canal Bank caused an order of sale to be issued on its judgment aforesaid, and on October 24, 1932, caused the same to be levied by the sheriff of Johnson county on said land. The same was sold under said levy on December 6, 1932, at which sale Canal Bank became the purchaser on its bid of $1,500. Sheriff's deed conveying said land to Canal Bank was duly executed and delivered to it, and thereafter, on January 9, 1933, filed for record in Johnson county. Appellant's suit to foreclose its judgment lien was, as hereinbefore recited, instituted on October 14, 1932, and judgment of foreclosure rendered therein on January 6, 1933. Appellant did not, at the time of the institution of said suit nor at the time it recovered said judgment, have actual knowledge of Canal Bank's suit.

Canal Bank, in addition to its claim that as holder of the Prince notes it had a superior right and lien in and to said land under the original deed of trust executed to secure the same, also assailed the validity of the lien asserted by appellant. Said bank contended in that connection that, at the time appellant filed the abstract of its judgment against the Investors' Mortgage Company in Johnson county, said corporation was insolvent, had been dissolved, had ceased to do business, and was being liquidated through its directors as statutory trustees, that, subject to valid liens theretofore fixed, its assets constituted a trust fund for the equal benefit of all general creditors, and that appellant could not acquire a lien on said land by filing its abstract of judgment. Said bank further contended in that connection that, since at the time appellant filed its said abstract of judgment, an application had already been filed in the district court of Tarrant county by certain creditors of said mortgage company for the appointment of a receiver for the same on the ground that it was insolvent, since such application had at that time been presented to the court and an order made setting the same for hearing, and, since a receiver was afterward duly appointed in pursuance of such application, appellant did not, by the record of such abstract, acquire any lien on said land. The accepted rule in this state is that, when a corporation becomes insolvent and ceases to transact its ordinary business, its assets are considered in law to be trust property, and cannot be legally transferred in satisfaction of the claims of favored creditors nor encumbered with a lien to secure the same. Neither can creditors, when such conditions exist, obtain a preference by any form of legal process. 10 Tex. Jur. p. 1028, § 361; 11 Tex. Jur. p. 84, § 421; Orr & Lindsley Shoe Co. v. Thompson, 89 Tex. 501, 502, 503, 35 S. W. 473; Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Tex. 143, 158 et seq., 24 S. W. 16, 22 L. R. A. 802; Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex. Civ. App. 124, 71 S. W. 570 (writ refused); Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 614, 615, 40 S.W.(2d) 1, 5, par. 9. So, where a receiver for a corporation has been appointed on the ground that the same is

insolvent, and all its assets committed to his custody and control, no creditor is permitted to acquire a lien on the same, or any part thereof, by legal process. 11 Tex. Jur. p. 106, § 437; Guaranty State Bank & Trust Co. v. Thompson (Tex. Civ. App.) 195 S. W. 960, 962, par. 1, and authorities there cited. Our Supreme Court has further held that in such cases the appointment of the receiver relates back to the presentation of the application to the judge and his recognition of the same by setting it down for hearing. Riesner v. Gulf, C. & S. F. Ry. Co., 89 Tex. 656, 657 et seq., 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84; Worden v. Pruter, 40 Tex. Civ. App. 118, 88 S. W. 434, 435 (writ refused); La Rue Holding Co. v. Essex (Tex. Civ. App.) 45 S.W.(2d) 319, 320 et seq., pars. 1 and 2; Bryan v. Speakman (C. C. A.) 53 F.(2d) 463, 465, 466, pars. 5 and 6. Since the uncontradicted testimony shows, as above recited, that Investors' Mortgage Company was insolvent long before appellant filed its abstract of judgment for record in said county, that at the time it did file the same an application for a general receiver of said corporation on the ground of insolvency was pending, that such receiver was afterwards appointed, and that he duly qualified and acted as such, the record of appellant's abstract of judgment was ineffective to secure to it a preference lien on said land.

■■■ Canal Bank further contended that, since the judgment recovered by it in the district court of Tarrant county was recovered in the same court in which the receivership was pending, such judgment established its right to a first and superior lien on said tract of land, not only against the parties defendant in said suit, including Massie, the receiver, but also against all unsecured creditors, including appellant, whose interests were represented by such receiver, and that, by its purchase of said land at sheriff's sale under process issued on such judgment, it acquired title thereto superior to any claim of appellant. Suit against a receiver in his official capacity without leave of the court appointing him is expressly authorized by article 2310 of our Revised Statutes. There is a distinction, however, with reference to the method of enforcement between a judgment recovered against a receiver in the court in which the receivership is pending and one recovered in a different court. A judgment against a receiver in a different court from the one in which the receivership is pending must be presented to, and enforced by, the latter court. McCurdy v. Gage (Tex. Com. App.) 69 S.W.(2d) 56, 59, par. 4; Prince v. Miller (Tex. Com. App.) 69 S.W. (2d) 52, 54, par. 1; Eaton v. Whisenant (Tex. Civ. App.) 50 S.W.(2d) 1109, 1111, par. 1 et seq.; Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409, 415, 416, pars. 4 and 5 (writ refused [Tex. Sup.] 169 S. W. 411). The court in which receivership proceedings are pending may, however, by proper order permit the sale of encumbered assets by a trustee or under process from other courts. 53 C. J. p. 127, § 156, and authorities cited in notes 65 and 66; Scott v. Crawford, 16 Tex. Civ. App. 477, 41 S. W. 697 (writ refused). The judgment of foreclosure under consideration, however, was not only rendered by the same court in which the receivership was pending and against the receiver as well as the principal debtor and those holding the apparent legal title to the land, but such judgment provided in express terms for the enforcement of the same by a sale of the land by the sheriff or constable under process issued thereon. The approval of the court of such manner of sale and the acquiescence of the receiver therein were therefore conclusively shown. The sale ordered having been so made, it passed title to the land as fully and as effectively as if it had been made by the receiver. Houston Ice & Brewing Co. v. Clint, supra, 159 S. W. 409, page 416, par. 6, and authorities there cited; Ellis v. Vernon Ice, Light & Water Co., 86 Tex. 109, 115 et seq., 23 S. W. 858.

The court did not err in instructing a verdict in favor of said bank and its trustee Miller for title to, and possession of, said land.

Appellant, as hereinbefore recited, presents assignments complaining of the refusal of a peremptory instruction in its favor and the giving of a peremptory instruction against it in favor of each of the appellees. No other assignments assailing the judgment against it in favor of appellee Chester Savings Bank are presented. John P. Covington and wife, on July 1, 1928, owned in fee simple the 62½-acre tract of land involved in this suit. On that day they executed and delivered to R. J. Newton six notes, designated as principal notes, amounting in the aggregate to $3,810. One of said notes matured on the 1st

day of January of each year from 1929 to 1934, inclusive. Said Covington and wife at the same time executed and delivered to said Newton another series of six notes, designated as interest notes, one of which matured concurrently with each of said principal notes. Covington and wife at the same time executed a deed of trust to secure both said series of notes on two separate tracts of land, one of which is the 62½-acre tract involved in this suit. The other tract appears to have been encumbered with a prior lien and to have been appropriated in satisfaction thereof. The lien securing the interest notes was made, by the express terms of the deed of trust, inferior to the lien securing said principal notes. Said deed of trust was promptly recorded. Newton, on May 11, 1929, for a valuable consideration, indorsed all said principal notes, except the first, "Without recourse pay to the order of Chester Savings Bank, R. J. Newton," and delivered them, with a written assignment of the lien securing the same, to Chester Savings Bank. Said assignment was not recorded until December 19, 1932. The six interest notes were retained by Newton. The Covingtons made default in the payment of the first interest note, and Newton caused the land described in the deed of trust to be sold by a substitute trustee under the power contained therein in satisfaction of said past-due note alone. Said sale was made subject to the lien securing all the principal notes and the remaining interest notes. He became the purchaser at said sale and received a deed from the substitute trustee conveying said land to him on September 3, 1929, which he filed for record February 4, 1930. Appellant's judgment, an abstract of which was filed in Johnson county as aforesaid, was against the Investors' Mortgage Company and against its liquidating trustees (one of whom was R. J. Newton) in their representative capacity only. Appellant, in its foreclosure suit, alleged that the land here in controversy was the property of Investors' Mortgage Company. Newton was duly cited in the case, but made default. He testified that the Covington loan was made by him out of his own money, that the purchase of the land at trustee's sale was made by him, and that Investors' Mortgage Company never had any interest in, nor connection with, said transactions. He further testified that the reason he made default in appellant's foreclosure

suit was that the land was not then worth the amount of the notes held by Chester Savings Bank and secured by lien thereon. Said testimony was not controverted.

■ Appellant, under the assignments aforesaid, presents two propositions, one of which is, in substance, that the Chester Savings Bank failed to show any right to a recovery against it. The specific ground of this contention, as stated in appellant's brief, is, in substance, that, inasmuch as it had procured a decree establishing and foreclosing its judgment lien on said land, it was entitled to have the same sold under process issued thereon for the purpose of subjecting the interest of the defendants in such judgment to the satisfaction thereof, even if the lien claimed by Chester Savings Bank was superior to the lien foreclosed by its judgment. The right so claimed by appellant was in effect accorded to it by the terms of the judgment, which permitted appellant to sell the land under process on its judgment, subject to the indebtedness and lien securing the same held by said bank. Appellant had caused said tract of land to be advertised for sale as the property of Investors' Mortgage Company to satisfy its judgment against that corporation. While appellant had a default judgment declaring the beneficial ownership of said land to be in such corporation, Chester Savings Bank was not a party to, nor bound by, such judgment. The validity of its lien was not dependent on the ownership of the property at the time appellant procured its judgment of foreclosure. Its rights were fixed on May 11, 1929, when, for a valuable consideration, it acquired the Covington notes and an assignment of the lien securing the same. While there was considerable delay in the filing of such assignment for record, the same was duly filed in sufficient time to have enabled appellant to make said bank a party to its suit before such judgment was rendered. Subdivision 4 of article 4642 of our Revised Statutes authorizes any party having an interest in real estate to enjoin the sale thereof under execution against a party having no interest therein, when the result of such sale would be to becloud the title thereto. Such would, we think, under the facts hereinbefore stated, be the necessary result of the sale of said land under appellant's judgment of foreclosure. Chester Savings Bank, as the holder of a valid lien on said land, could properly invoke the

aid of such statute in support of its suit. Shirey v. Trust Co. (Tex. Civ. App.) 69 S. W.(2d) 835 et seq. (writ refused); Newton v. McCarrick (Tex. Civ. App.) 75 S.W. (2d) 472, 474, pars. 1 to 3, inclusive; Pacheco v. Allala (Tex. Civ. App.) 261 S. W. 148, 149, par. 3; First National Bank v. Coffman (Tex. Civ. App.) 27 S.W.(2d) 567, par. 2 (writ refused).

Appellant's other proposition merely asserts in general terms that there were controverted issues of fact raised by the pleadings and evidence which should have been submitted to the jury. The only issues suggested by appellant in connection with said proposition are whether Newton was in fact the owner of the Covington notes when he assigned the same to the savings bank; and whether he purchased said land at trustee's sale for himself. The undisputed testimony, both oral and documentary, showed his personal ownership of both notes and land. It devolved upon appellant to introduce sufficient testimony to raise an issue of the beneficial ownership of such notes and of the subsequently acquired title to the land by the mortgage company. The testimony relied upon by appellant to raise such issue is that Newton admitted that he had on three or four occasions taken title to land sold under deeds of trust to secure notes owned by the Investors' Mortgage Company solely as trustee for such company, and that the mortgage company conveyed the 246-acre tract of land involved in this suit to him for the sole purpose of creating additional collateral. We think these isolated transactions are insufficient to raise an issue of the beneficial ownership by the mortgage company of said Covington notes and land. While a fact may be established by circumstantial evidence, in order to do so the evidence must have probative force sufficient to constitute the basis of a legal inference. It must not be purely speculative. Metropolitan Casualty Ins. Co. v. Texas Sand & Gravel Co. (Tex. Civ. App.) 68 S. W.(2d) 551, 553, par. 11; Carlisle v. City of Waco (Tex. Civ. App.) 56 S.W.(2d) 208, 210, par. 2, and authorities there cited; Huntley v. Psimenos (Tex. Civ. App.) 67 S. W.(2d) 350; Joske v. Irvine, 91 Tex. 574, 581 et seq., 44 S. W. 1059. Both said propositions are therefore overruled.

The judgment of the trial court is affirmed.