**Miles F. WORTHAM et ux., Appellants,**

**v.**

**LACHMAN–ROSE CO., Inc., et al.,
Appellees.**

**No. 15465.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 10, 1969.

Rehearing Denied May 8, 1969.

Carl, Lee & Fisher, Robert H. Fisher, Houston, for appellants.

Ross, Banks, May & Cron, Carroll J. Boudreaux, Houston, for appellees.

PEDEN, Justice.

Suit brought under the trust fund doctrine by two companies holding judgments against an insolvent corporation, Fuller Toys, Inc. Plaintiffs sought personal judgments against two of Fuller Toys' directors alleging breach of their duties as trustees of its corporate assets when it ceased doing business.

This appeal has been perfected by the directors, Mr. and Mrs. Miles Wortham, from an adverse judgment after a nonjury trial.

Mr. Wortham was the only witness who testified. The other evidence consisted of defendants' answers to interrogatories, plaintiffs' admissions, copies of the abstracts of judgment, copies of federal tax

liens filed against Fuller Toys, Inc., and copies of three notices of seizure by the United States Internal Revenue Service of toys, etc., from Fuller Toys for nonpayment of delinquent internal revenue taxes in the amount of $1,593.47. Neither findings of fact nor conclusions of law were made by the trial court. Appellants requested that they be made, but the record shows that appellants' rights were not prejudiced by their absence, and the matter has not been raised by point of error on appeal.

Plaintiffs' (appellees') petition in this cause alleged that on or about May 1, 1965, while the Worthams were officers and directors of Fuller Toys, Inc., it was insolvent and its normal business operations were discontinued; that the Worthams then took over all assets of Fuller Toys and began liquidating the business, thus becoming trustees of the assets. Further, that the Worthams had paid from Fuller Toys' assets certain of the company's creditors to whom the Worthams were also personally liable. Appellees sought judgment against appellants personally in the amount of their judgments against Fuller Toys plus interest and costs, and alternatively sought an accounting of the assets of the appellants at the beginning of liquidation, report of the proceeds of the liquidation and judgment for their share.

Appellants' answer consisted of a general denial and a denial that they had promised to pay the debts owed by Fuller Toys to appellees.

The evidence shows that Fuller Toys was insolvent at the time it ceased to be a going concern on September 12, 1964. Appellants were in control of it at that time and have been since then. Three days after they closed the business, appellants paid to their own sole proprietorship $1,903.76 from the funds of Fuller Toys. Mr. Wortham explained that this payment was reimbursement for his having paid certain bills that were owed by Fuller Toys, the payment of which he had personally guaranteed.

Appellee Lachman-Rose Co., Inc., had obtained judgment against Fuller Toys, Inc., on September 4, 1964 in the amount of $2,391.78 plus interest and costs. Plaintiff Totsy Manufacturing Co., Inc., had obtained a judgment against Fuller Toys, Inc., on August 5, 1964 in the amount of $597.58 plus interest and costs.

The judgment rendered by the trial court in this case contained these recitals:

"The Court, after examining the pleadings and hearing the evidence and argument of counsel thereon, finds that Defendants became Trustees of the Trust Fund created out of the assets of Fuller Toys, Inc. at the time it ceased doing business and finds that the Defendants are indebted to each of the Plaintiffs as creditors and beneficiaries of such fund in a sum which is the product of $11,080.94 (the value of the inventory of Fuller Toys, Inc. at the time it ceased doing business) divided by $37,875.83 (the total liabilities of Fuller Toys, Inc. at the time it ceased its business operations, less the amounts claimed as rents by its landlords; which claims were satisfied), multiplied by the total amounts due to date on each of the Judgments heretofore taken against Fuller Toys, Inc. by each of the Plaintiffs herein, together with interest and all costs of Court.

"It is therefore, ORDERED, ADJUDGED and DECREED that Plaintiff, Lachman-Rose Co., Inc., do have and recover of and from Defendants, Miles F. Wortham and Ann M. Wortham, both jointly and severally, Judgment in the sum of Eight Hundred Seventy Nine and 21/100 ($879.21) Dollars, together with 6% interest thereon from date and costs of Court; and Plaintiff, Totsy Manufacturing Co., Inc., do have and recover of and from Defendants Miles F. Wortham and Ann M. Wortham, both jointly and severally, Judgment in the sum of Two Hundred Twenty Three and 47/100 ($223.47) Dollars, to-

gether with 6% interest thereon from date and costs of Court, for all of which let execution issue."

Appellants' points of error are:

1. The trial court erred in holding appellants liable to the judgment creditors of Fuller Toys, Inc. under the trust fund doctrine because the Federal Insolvency Priority Statute gave the United States priority in payment of its claim, and its seizure of the corporation's inventory as a credit on its claim was lawful.

2. The trial court's finding of value of the corporation's inventory is contrary to the evidence.

3. The trial court erred in granting relief to appellees under the trust fund doctrine because the right of each appellee, if any, in the trust fund was not capable of determination until after the prior claim of the United States was fully satisfied out of the trust fund.

It is noted that appellants do not suggest that the trust fund doctrine is inapplicable, only that the federal government's claim was prior to that of appellees, that the government's claim exceeded the value of the inventory and that appellees' rights could not be determined.

Appellants' second point complains of the trial court's evaluation of Fuller Toys' inventory at $11,080.94. The evidence shows that by interrogatory the Worthams were asked to state the approximate value and description of the inventory at the time Fuller Toys ceased to do business. Their reply was: "The approximate value of the inventory of Fuller Toys, Inc. at the time it closed operation was $11,080.94. Defendants were not able to confirm the description of the inventory by inspection, but reconstructed the value from the cost of merchandise as reflected by the records of the corporation."

At one point Mr. Wortham testified that when he answered the interrogatory the figure given was his best judgment of the value of the inventory when the business was closed. He later testified that he believed this figure was too high, that he didn't think the value represented by cost was market value and that the amount of the federal government's claim, $1,593.47, more nearly represented the value of the inventory at the time it was seized by the government (on or about December 8, 1965).

■ We overrule appellants' second point. The only evidence in the record as to value of the inventory on or about September 12, 1964 is their own. They had been in control of the company and owned 75% of its capital stock. At most the inconsistent answers of the defendant as to the value of merchandise once under his control raised a fact issue; the trial court's acceptance of the evaluation made by parties to the suit cannot be held to be contrary to the evidence simply because they explain that they reconstructed the value from their cost records and one of them later testifies that he had placed too high a value on the goods.

■■ We also overrule appellants' first and third points. When an insolvent corporation ceases to do business its assets are a trust fund held for the benefit of its creditors. Lyons-Thomas Hardware Co. v. Perry Stove Manufacturing Co., 86 Tex. 143, 24 S.W. 16, 22 L.R.A. 802 (1893). And directors of such a corporation who fail to discharge their duty of seeing that its creditors were either paid in full or that they were paid pro rata from its assets are liable to those creditors. Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.2d 1 (1931).

The Federal Insolvency Priority Statute, on which appellants rely in their first point of error, is found at 31 U.S.C. § 191. Its pertinent provisions are: "Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having suf-

ficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The succeeding section, § 192, states: "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

■ There is evidence in the record indicating that as of September 30, 1964, Fuller Toys owed the federal government $1,180.41 in payroll taxes for the first three quarters of 1964. Most of this amount was undoubtedly due before September 12, 1964, when the assets of the corporation became a trust fund in the hands of its directors; Sec. 191, supra, gives the federal government priority in collection of its claim but does not provide for creation of a lien on the assets of the debtor. The evidence shows that when Fuller Toys' assets became a trust fund, more than enough cash funds were on hand to pay the amount of such federal claim and even enough to pay the full amount of the federal liens which were filed in May, 1965, in the total amount of $1,533.28. Instead, as noted, the Worthams paid themselves $1,903.76 from corporation funds, making themselves personally liable under the trust fund doctrine. In December, 1965, the federal liens were discharged when the merchandise inventory was seized and sold under federal order and the Worthams paid off the balance remaining due. Title. to such merchandise had long since passed to the trust fund, and appellants' personal liability to the other creditors was not diminished by the seizure.

Had the Worthams paid the federal government's claim instead of their own, the inventory and some other assets which we need not discuss would have been available for distribution to the appellees and other creditors. The other creditors were not joined as parties to this suit, but the trial court's calculation of appellees' pro rata share of the assets takes their absence into consideration as suggested by the Supreme Court of Texas in Orr & Lindsley Shoe Co. v. Thompson, 89 Tex. 501, 35 S.W. 473 (1896).

The judgment of the Trial Court is affirmed.